UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEFFREY ROUNDTREE, )
)
Petitioner, )
)
v. ) No. 1:18-cv-02238-TWP-MJD
)
UNITED STATES OF AMERICA, )
)
Respondent. )

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Jeffrey Roundtree ("Roundtree"). For the reasons explained in this Order, the motion is **DENIED** and this action is dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

I. **SECTION 2255 MOTION STANDARDS**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

From March 23, 2007 to May 8, 2007, Roundtree participated in 11 robberies in the Indianapolis area. He was charged in a 12-count Indictment with six counts of affecting commerce by robbery, in violation of 18 U.S.C. § 1951 (Counts 1, 3, 5, 7, 9, and 11) and six counts of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, 8, 10 and 12). *United States v. Banks et al.*, No. 1:07-cr-00164-TWP-TAB-2 ("Crim. Dkt."), Dkt. 34.

In 2008, Roundtree plead guilty to Counts 2 and 4 of the Indictment pursuant to a Rule 11(c)(1)(C) agreement. Crim. Dkt. 60. On March 13, 2008, the Court accepted Roundtree's plea of guilty to two counts of brandishing a firearm during a robbery (Counts 2 and 4). Crim. Dkt. 64. He was sentenced to 300 months of imprisonment, to be followed by five years of supervised release. Crim. Dkt. 130. Roundtree did not file a direct appeal.

In 2015, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA")[1] was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Applying *Johnson*, the Seventh Circuit also found that the residual clauses defining

---

[1] The Armed Career Criminal Act ("ACCA") prescribes a 15–year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA previously defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These three "clauses" are respectively known as 1) the elements clause, 2) the enumerated clause, and 3) the residual clause.

"crime of violence" in 18 U.S.C. § 16(b) and "violent felony" in 18 U.S.C. § 924(c)(3)(A)[2] were unconstitutionally vague. *United States v. Vivas-Ceja*, 808 F.3d 719, 721 (7th Cir. 2015) (18 U.S.C. § 16(b)); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (18 U.S.C. § 924(c)(3)(A)). In 2018, the Supreme Court held that the residual clause of the definition of "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague as incorporated into the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F). *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212, 1223, (2018).

On June 24, 2016, Roundtree filed a motion to vacate his sentence pursuant to *Johnson* but later voluntarily dismissed the motion. *See Roundtree v. United States*, No. 1:16-cv-1663-LJM-DKL (S.D. Ind. May 11, 2017). On June 28, 2017, he filed a § 2255 motion that was dismissed as successive. *See Roundtree v. United States*, No. 1:17-cv-2223-LJM-DML (S.D. Ind. August 1, 2017).

On February 20, 2018, Roundtree filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Illinois challenging his sentence pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Descamps v. United States*, 133 S. Ct. 2276 (2013); and *Dean v. United States*, 137 S. Ct. 1170 (2017). *See Roundtree v. Warden*, No. 3:18-cv-508 (S.D. Ill. 2018). The Southern District of Illinois dismissed his claim finding that § 2241 was not the appropriate vehicle for raising his arguments.

On July 2, 2018, Roundtree filed a motion for writ of audita querela. Crim. Dkt. 154. The Court construed his motion to be a motion for relief pursuant to 28 U.S.C. § 2255 and opened this action. Crim. Dkt. 156. The Court further determined that Roundtree's current § 2255 motion

---

[2] Although not relevant to the disposition of this motion, on January 4, 2019, the Supreme Court granted *certiorari* in *United States v. Davis*, where the Fifth Circuit found that the subsection-specific definition of "crime of violence" in § 924(c)(3)(B) was unconstitutionally vague. 903 F.3d 483 (5th Cir. 2018). *United States v. Davis et al.*, No. 18-431 (Jan. 4, 2019).

3

was not successive because his first § 2255 motion was voluntarily dismissed without final judgment. Dkt. 1 at 1.

## III. DISCUSSION

Roundtree seeks relief pursuant to § 2255 arguing that Hobbs Act Robbery, 18 U.S.C. 1951(a), is not a crime of violence post-*Dimaya* and cannot serve as a predicate offense for a 924(c) conviction.

Roundtree's arguments regarding Hobbs Act robbery are foreclosed by Seventh Circuit precedent.[3] The Seventh Circuit has repeatedly held that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 92[4](c)(3)(A)."), *vacated on other grounds*, *Anglin v. United States*, 138 S. Ct. 126 (2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) ("We reaffirm today that Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)."); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) (holding that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), does not undermine the holding of *Anglin* that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)).

Under these holdings, *Johnson* and *Dimaya* do not apply to allow relief to Roundtree from his conviction under 18 U.S.C. 924(c). Roundtree was properly convicted and sentenced. The motion for relief pursuant to § 2255 is **denied.**

---

[3] Roundtree cites to *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017) for the proposition that Hobbs Act Robbery cannot be a "crime of violence." *See* dkt. 8 at 4. *O'Connor*, which is not binding authority on this Court in any case, held that while Hobbs Act Robbery is not a "crime of violence" under the Sentencing Guidelines, it remains a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A). *Id.* ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person.")

## IV. CONCLUSION

For the reasons explained in this Order, Roundtree is not entitled to relief on his § 2255 motion. His conviction and sentence are not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:07-cr-00164-TWP-TAB-2.** The motion to vacate (Crim. Dkt. 157) shall also be **terminated** in the underlying criminal action.

## V. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Roundtree has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 2/13/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ROUNDTREE
08704-028
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov